ANDREW WILKINSON

*v.*

HANNAH E. DEMING.

1. DIVORCE—*effect of decree on right to custody of child.* A decree on divorce, being granted for the fault of the husband, and giving the custody absolutely to the mother, takes away, *ipso facto*, all control of the father over the child, until it is restored by the action of the proper court.

2. SAME—*right of mother to appoint testamentary guardian.* Where the custody of a child is given to the mother by decree, on divorce for the father's fault, she may, by will, appoint a guardian for such child; and where such guardian is not shown to be an unfit person, and the child expresses a desire to remain with such guardian, who is a relative and attached to the child, the court, on the application of the father, will not give him its custody.

3. PRACTICE—*objection to evidence.* On an application by a divorced father for the custody of his child, he can not assign for error that the court admitted *ex parte* affidavits in evidence against him, where the record shows no objection made to them.

4. EVIDENCE—*withdrawn answer.* Where a party withdraws his answer to a bill for divorce, and suffers a decree to pass for want of an answer, he can not, afterwards, in a contest as to the custody of a child, read the same in evidence, as it ceases to exist as an answer after withdrawal.

APPEAL from the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

This was a petition filed by the appellant against the appellee, to obtain the custody of appellant's infant daughter, Sarah A., then about seven years of age. It appears that in January, 1871, the mother of the child obtained a decree of divorce against the appellant for cruel treatment, which gave her the custody of the daughter. On Dec. 2, 1873, the mother died, having, by her last will, appointed the appellee testamentary guardian of the child. The county court afterwards granted letters of guardianship to appellee, without notice to appellant. The petition sought to have these letters revoked. The court refused to take jurisdiction and to grant the prayer.

Messrs. HENRY & JOHNSON, for the appellant.

Mr. F. D. RAMSAY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court :

Several questions of importance, and new in this court, arise upon this record.

The first is, what is the effect of a decree of divorce *a vinculo*, for the fault of the husband, wherein the custody of the child is committed to the wife. And, second, on the death of the wife, the child surviving, has she the power to appoint, by will, a guardian for the infant, the father of the infant living.

We are inclined to hold, the decree, on a divorce being granted for the fault of the husband, giving the custody absolutely to the mother, takes away, *ipso facto*, all control of the father over the child. It nullifies, or at least neutralizes, the rule of the common law, and takes from the father all power thereafter over the infant, until it shall be restored by the action of a proper court. By the decree, the infant is no longer the child of the divorced father, but is entirely under the control of the mother, until, in this case, the infant being a female, she shall arrive at the age of eighteen years.

If this be so, then as the father, in case there had been no

separation, could have appointed a guardian by his last will and testament, so could the mother, she having, by a decree of a court of competent jurisdiction, been vested with the absolute control of the infant.

Section 17, of ch. 47, title "Guardian and Ward," R. S. 1845, p. 268, gives power to the father to make such a testamentary disposition of his child. The mother, when of sound mind and memory, being sole, may dispose, in like manner, of the custody and tuition of a child living, if the father has made no such disposition, or in any other manner restrained the right of the mother.

The act of 1874 makes somewhat different provisions on this subject, but are not supposed to govern this case, as the decree of divorce, and giving the custody of the child to the mother, passed in 1871, and under the act of 1845.

There is no testimony tending to show the guardian and appellee in this case is not a fit person to take charge of this child, and to rear her. They seem to be devoted to each other, and the child, on examination by the judge, expressed a preference to remain with her, being her maternal aunt, and exhibiting great unwillingness to be committed to the care of appellant, whom she did not know.

A point is made, that the court admitted improper testimony, being *ex parte* affidavits, on behalf of appellee. We do not see any objection in the record to admitting these affidavits—they seem to have gone in by consent. Nor was there any error in refusing to appellant the right to read his answer in the divorce case, for the reason that paper, as an answer, had been withdrawn from the files by appellant, and a decree taken against him for want of an answer. There was no answer to be read—it had no existence.

It may be well to say, in the event of the death of the present guardian, a court of chancery would have power to entertain, on another application, the suit of the father for the custody of the child, if she has not reached mature age.

We see no error in the record, and the decree must be affirmed.

*Decree affirmed.*