Baker v. Strahorn.

FRANK R. BAKER

v.

ROBERT STRAHORN AND JULIETTE STRAHORN.

*Adoption—Act of February 27, 1874, Chap. 4, R. S—Divorce of Parents—Desertion.*

1. In proceedings brought by grandparents for the adoption of a minor grandchild, its mother, the daughter of petitioners, having received its custody upon being granted a divorce from its father, she consenting to such adoption, this court declines to interfere with a decree in conformity with the prayer of the petition.

2. The welfare of the child is of prime importance in such proceedings, and caprice, obstinacy or opposition, prompted by unworthy motives on the part of the non-consenting parent should not be regarded.

3. It *seems* that the granting of a divorce to a wife on the ground of desertion, together with the custody of her child, accompanied by the absence of all assistance to the child by its father, amounts to a continuance as to it, of the desertion of the mother and child, which began before the suit for divorce was brought.

[Opinion filed April 17, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Mr. W. W. GURLEY, for appellant.

Mr. JOHN M. HAMILTON, for appellees.

GARY, J. This is a proceeding under the act of February 27, 1874, Ch. 4, R. S., in relation to the adoption of children.

The child Edna is a girl who is about seven years of age, as the decree states, at the time it was entered, July 22, 1888. She is the daughter of the daughter of the petitioners. Though not expressly shown by the record, it is fairly inferable from it that the petitioners have all the comforts, and probably the luxuries of civilized life, and that the father of the child, he being the appellant here, has neither the one nor the other, for the helpless object of this proceeding. June 3, 1885, the parents of the child were separated by a decree of divorce, granted to the wife because of cruelty of the appellant. He had left mother and child, before the suit for divorce, in destitution, in a house provided for them by the father of the wife. The decree gave the custody of the child to the wife, and the appellant has done nothing for either of them since. Their home is with the petitioners. The mother of the child is delicate in health, and consents to the adoption with proper recitals of facts.

The welfare of the child is an important element in a proceeding of this character. The natural rights of the parents are not to be disregarded, but nothing is to be yielded to mere caprice or obstinacy, or to opposition prompted by any unworthy motives. Whether the decree of divorce, *ipso facto*, confers upon the wife, to whom it is granted, and to whose custody it commits the child, authority to consent to the adoption of, as it does to appoint a testamentary guardian for the child (Wilkinson v. Deming, 80 Ill. 342) or not, such a decree and custody, accompanied by the absence, on the part of the appellant, of all parental assistance or aid to the child, may well be held to make a sufficient case, that continues toward the child, the desertion of both mother and child, which begun before the suit for divorce was commenced. There is no reasonable presumption, in law or fact, that a woman, yet probably young, the daughter of living parents, has any independent pecuniary resources. The whole case shows that the only shelter for this tender infant is in the home and affections of her grandparents, and to that haven of rest the decree properly committed her.

*Decree affirmed.*