THE PEOPLE ex rel. Casper G. Hanawalt, Plaintiff in Error, vs. MAY SMALL, et al. Defendants in Error.

*Opinion filed December 15, 1908.*

1. PARENT AND CHILD—*when the mother has right to appoint a guardian by will.* A decree of divorce for the husband's fault, awarding to the mother absolutely the custody of children, nullifies the rule of the common law, takes from the father all authority over the children and confers entire control upon the mother, who may thereafter, under section 5 of the Guardian and Ward act, dispose of their custody and tuition by will. (*Wilkinson* v. *Deming,* 80 Ill. 342, adhered to.)

2. SAME—*amendment of 1901 does not affect right of testamentary disposition of custody of children.* The amendment of 1901 to section 4 of the Guardian and Ward act, in which the parents of a minor are declared to have equal powers, rights and duties concerning minor children, does not affect, substantially, the right of testamentary disposition, by the mother, of the custody and tuition of minor children awarded to her by a decree of divorce for the husband's fault.

3. SAME—*divorce decree cannot be modified in habeas corpus proceeding.* A divorce decree, awarding the custody of the child to the mother, cannot be modified in a *habeas corpus* proceeding by the father to recover the custody of the child from the guardian appointed by the mother's will, and if any circumstances exist which may be ground for modifying the decree they must be presented to the court by which the decree was rendered.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Grundy county; the Hon. EDGAR ELDREDGE, Judge, presiding.

J. W. RAUSCH, for plaintiff in error:

On the death of the parent to whom the child was awarded the other parent ordinarily succeeds to the right of custody. 14 Cyc. 809; *Schammel* v. *Schammel*, 105 Cal. 258; *In re Blackburn,* 41 Mo. App. 622; *In re Neff*, 20 Wash. 652; *Matter of Robinson*, 17 Abb. Pr. 399; *Taylor* v. *Jeter*, 33 Ga. 195; *Bonnett* v. *Bonnett*, 61 Iowa, 198; *Wilcox* v. *Wilcox*, 14 N. Y. 575; *Barney* v. *Barney*, 14 Iowa, 189.

The attempted testamentary disposition of the child, Maude, by her mother, is absolutely void as against the father. *McKinney* v. *Noble*, 38 Tex. 195; *Cook* v. *Bebee*, 24 Tex. 278; *Hernandez* v. *Thomas*, 50 Fla. 522; 7 Am. & Eng. Ann. Cas. 446, and notes, 450; *In re Schmidt*, 84 N. Y. Sup. 201; *In re Alexandre*, 35 id. 658; *People* v. *Boice*, 39 Barb. 307; *Taylor* v. *Jeter*, 33 Ga. 195; *People* v. *Brugman*, 38 N. Y. Supp. 193; *Stringfellow* v. *Somerville*, 95 Va. 701; *In re Neff*, 20 Wash. 652.

The case of *Wilkinson* v. *Deming*, 80 Ill. 342, is based upon section 17 of the statute of 1845, and has no persuasive value in the determination of this case.

C. F. HANSON, for defendants in error:

In disposing of the custody of children the primary object should be the good of the children. *Hewett* v. *Long*, 76 Ill. 399.

Under our statute the paramount right of the father to the children will not be recognized where a divorce has been granted for his misconduct. *Miner* v. *Miner*, 11 Ill. 44.

A decree of divorce being granted for the fault of the husband and giving the custody absolutely to the mother,

takes away, *ipso facto,* all control of the father over the child until it is restored by the action of the proper court. *Wilkinson* v. *Deming,* 80 Ill. 342.

The parent has the superior right to the child, but the superior right of the parent must yield to the best interests of the child. *Cormack* v. *Marshall,* 211 Ill. 527.

Mr. JUSTICE DUNN delivered the opinion of the court:

This writ of error is prosecuted to reverse a judgment of the Appellate Court which affirmed a judgment of the circuit court of Grundy county upon a writ of *habeas corpus* remanding Maude M. Hanawalt, a girl twelve years old, to the custody of May Small, her maternal grandmother. The petitioner for the writ was Casper G. Hanawalt, the father of Maude. He was married to Myrtle M. Small, the daughter of the respondents, D. S. Small and May Small, on November 26, 1893, and Maude is the daughter of that marriage. His wife procured a divorce from him on March 16, 1900, on the ground of extreme and repeated cruelty. By the decree she was awarded $15 per month alimony and the custody of the child, except that the father might have her for thirty days beginning June 15, and thirty days beginning November 15, in each year. In October, 1901, the decree was modified by giving the exclusive custody of the child to the mother, subject to the father's right to visit her on the first and second days of each month at the mother's home. On July 2, 1907, Mrs. Hanawalt died, leaving a will, which was admitted to probate, giving all her property to her mother and appointing her mother guardian of the child. The father then claimed the right to the custody of the child's person and demanded to be allowed to direct her education, and, this claim being disputed, he applied for a writ of *habeas corpus* to obtain possession of his daughter.

In *Wilkinson* v. *Deming,* 80 Ill. 342, it was held that a decree of divorce for the husband's fault, awarding to the

mother absolutely the custody of children, nullifies the rule of the common law, takes from the father all authority over the children and confers entire control upon the mother, who may thereafter, by virtue of the statute, dispose of their custody and tuition by her will. The statute in force when that decree was rendered was chapter 47 of the Revised Statutes of 1845, and some changes have been made in the provisions on this subject by the statute now in force, (Rev. Stat. chap. 64, secs. 4, 5,) but they are not regarded as affecting substantially the right of testamentary disposition in such case. The parents of a minor are declared to have equal powers, rights and duties concerning the minor. These powers, rights and duties are, however, subject to the jurisdiction of a court of chancery in a proper case, and, after a decree, are such as the decree provides.

Our attention has been called to various decisions of the courts of other States holding that a divorced wife to whom the custody of children has been given cannot make a testamentary disposition of their custody. The power to appoint a testamentary guardian of an infant did not exist at common law, and in some of the States whose decisions are cited no statute has conferred that power on the mother; in others, the statute giving the right differs from ours. In any event, we are not inclined to depart from the construction given the statute in *Wilkinson* v. *Deming, supra.*

The decree, until modified, is conclusive as between the husband and wife and their representatives. Circumstances, if any exist, which might move the court to modify the decree cannot be considered in this proceeding but should be presented to the court by which that decree was rendered.

The order of the circuit court was right, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*