## The People of the State of Illinois ex rel. Henry F. Good (Relator), Defendant in Error, v. Mary J. Hoxie (Respondent), Plaintiff in Error.

### Gen. No. 16,556.

1. GUARDIANSHIP—*custody of ward.* R. S. c. 64, § 4, providing that the guardian of a minor shall have, under court direction, custody, etc., of his ward, but that the parents, if competent to transact their own business, and .fit persons, are entitled to the custody of the person of the minor, is declaratory of the common law concerning the right to the custody of a child as between a parent and guardian.

2. GUARDIANSHIP—*when fitness of father to have custody of child cannot be tried.* The fitness of a father to have custody of his child cannot be tried in a proceeding for the guardianship of such child where the father was not in court or served with process or notice of the pendency of the petition.

3. HABEAS CORPUS—*burden of proof.* In habeas corpus by a father against a guardian for the custody of a child, the burden of proving the unfitness of the father to have such custody is on the guardian.

4. PARENT AND CHILD—*presumption of fitness to have custody.* Fitness of a parent to have custody of his child will be presumed unless unfitness is established by clear evidence.

5. HABEAS CORPUS—*motion to amend return.* In habeas corpus proceedings by the father against the guardian for the custody of the child, motion by the guardian to amend the return is properly denied where such amendments would introduce no new issues.

6. DIVORCE—*custody of children.* A father against whom the mother has secured a divorce is not precluded, after death of the mother, from asserting the right to custody of a minor child as against the maternal grandmother who has procured herself to be appointed guardian, where the divorce decree does not award absolute custody of the child to the mother, but awards the custody to each parent for definite parts of the year.

7. HABEAS CORPUS—*contest between parent and guardian for custody of child is private suit.* Where habeas corpus proceedings are brought by the father against the regularly appointed guardian for the custody of the child, it is to be regarded as a private suit and not as if the child were contending for release from unlawful restraint.

8. GUARDIAN AND WARD—*when custody of ward not unlawful restraint.* Though the father is entitled to the custody of his child, custody by a regularly appointed guardian of its person and estate is not such an unlawful restraint of the child's liberty as to warrant the interference of the court by a common-law writ of habeas corpus.

9. PARENT AND CHILD—*when parent entitled to custody.* A determination is correct that the father is entitled to the custody of his child as against a regularly appointed guardian of its person and estate, where there is no showing that the father is unfit to have such custody.

10. PARENT AND CHILD—*when testimony of child as to preference will not reverse award of custody.* In habeas corpus by a father for the custody of his child against its guardian, testimony by the child as to its preference, though not necessarily pertinent, if error, will not reverse where it could not have influenced the determination of the issues.

Habeas corpus. Error to the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed December 11, 1912.

TENNEY, COFFEEN, HARDING & SHERMAN, for plaintiff in error.

S. S. PAGE and CECIL PAGE, for defendant in error; JOHN S. LORD, of counsel.

MR. JUSTICE GRAVES delivered the opinion of the court.

Kathryn Good is the daughter of Henry F. Good and Annie Hoxie Good. Her parents were divorced on the complaint of her mother. Her mother having died, plaintiff in error, her maternal grandmother, procured letters of guardianship of the person and estate of Kathryn to be issued to her from the Probate Court of Cook county. Shortly thereafter defendant in error instituted this proceeding in *habeas corpus*. The trial court awarded the custody of Kathryn to her father, defendant in error. This writ of error is prosecuted by the grandmother.

Plaintiff in error contends that by the decree of divorce the rights of defendant in error to the custody of Kathryn were forever cut off, and that plaintiff in error, as guardian, is the successor and representative of Annie Hoxie Good, the mother of Kathryn, and as such is entitled to her custody and tuition.

In support of her first contention plaintiff in error relies on the rules announced by the Supreme Court in the cases of Wilkinson v. Deming, 80 Ill. 342, and People v. Small, 237 Ill. 169. Both of these cases differ on the facts from the case at bar on both points upon which they were determined. In those cases the decree of divorce gave to the mother the absolute custody and control of the child, and having that absolute custody the mother exercised her statutory right to designate and appoint a testamentary guardian, and the contest was between the father and the testamentary guardian. In the case at bar, the custody and control of Kathryn was by the decree of divorce awarded to each parent for definite parts of each year, so divided as not to interefere with or divide up her school year, and while the mother left a will, there was no testamentary guardian appointed and no attempt made in the will to control or direct who should have the custody or tuition of the child. The contest in this case is between the father and the guardian ap-

pointed by the Probate Court under Chapter 64, R. S. The cases cited are, therefore, in no way controlling of the case at bar. Some questions have been raised as to whether Kathryn at the time plaintiff in error was appointed her guardian was a resident of Cook county or not, and as to whether the appointment was in other respects regular. In the view we take of this case it may be conceded that the appointment of plaintiff in error as guardian was regular. It does not follow, however, that such appointment, though regular, entitled the guardian to the custody of the ward as against the father. Section 4 of Chapter 64, R. S., provides, in part, as follows:

"The guardian of a minor shall have, under the direction of the court, the custody, nurture and tuition of his ward, and the care and management of his estate; but the parents of the minor, if living, and in case of the death of either of the parents, the surviving parent, they being respectively competent to transact their own business, and fit persons, shall be entitled to the custody of the person of the minor and the direction of his education."

This statute is declaratory of the common law so far as the right to the custody of a child as between a parent and guardian is concerned. Berkshire v. Caley, 157 Ind. 1; Brooke v. Logan, 112 Ind. 183; In re Thomsen, 1 Neb. (Unoff.) 751; Clarke v. Lyon, 82 Neb. 625; Smidt v. Benenga, 140 Iowa 399; Bowles v. Dixon, 32 Ark. 92; Peacock v. Peacock, 61 Me. 211; Ex parte Davidge, 72 S. C. 16; Gilmore v. Kitson, 165 Ind. 402. There is no finding by any court, disclosed by this record, that defendant in error is not competent to transact his own business, or is not a fit person to have the custody of his child and to direct her education. Nor was there any evidence offered, so far as this record shows, in either the divorce case, the guardianship matter, or this *habeas corpus* proceeding, upon which such a finding could be predicated. In the divorce proceeding the court rec-

ognized the fitness of the father to have the custody of the child by decreeing that he should have it part of the time. In the guardianship proceeding the father was not in court, neither was he served with process or notice of the pendency of the petition, and the court was, therefore, powerless in that proceeding to try the question of his fitness or want of fitness to have her custody. In this *habeas corpus* proceeding, while the petition of defendant in error and the return of plaintiff in error were full enough to permit of proof of the want of fitness of defendant in error to have the custody of Kathryn, no such proof was offered, and the court expressly found that defendant in error was competent to transact his own business, and was a fit person to have such custody. The burden of proving unfitness was on plaintiff in error, and the rule is that, unless such unfitness is established by clear evidence, fitness will be presumed and the custody of the child will be awarded to the parent. Cormack v. Marshall, 211 Ill. 519-523; Wohlford v. Burckhardt, 141 Ill. App. 321; In re Thomsen, 1 Neb. (Unoff.) 751; State v. Martin, 95 Minn. 121; Giffin v. Gascoigne, 60 N. J. Eq. 256. The finding of the court was undoubtedly right on the record in this case.

During the taking of the testimony, plaintiff in error made an oral motion for leave to amend her return, so as to show "that Kathyrn Good is now in a good home and that her chances with her grandmother would be better than with her father, and that she is being furnished a better home than her father could give her." She also moved the court for leave to amend her return so as to show that she had no specific information as to whether defendant in error had notice of the presentation of the petition for letters of guardianship, and so as to pray for strict proof that no notice was given him. These proposed amendments, if they had been made, would have brought no new issues into the case, and the motions were properly denied.

It is lastly urged that Kathryn Good was improperly allowed to testify as to whether she would prefer to go with her father or her grandmother; that the only issue to be tried under the pleadings was as to whether Kathryn was illegally restrained of her liberty by plaintiff in error; that as to that issue the desires of Kathryn were unimportant; and that the only order the court could properly enter was one to discharge Kathryn, if the court held she was illegally restrained by plaintiff in error. The point is not well taken. As already stated, the controversy in this case is over the question whether defendant in error or plaintiff in error is entitled to the custody of the child. It is, therefore, to be regarded as a private suit between the parties, and not as if the child was contending for its release from an unlawful restraint. Mahon v. People, 119 Ill. App. 497; Cormack v. Marshall, 211 Ill. 519. The custody of the child by plaintiff in error was not unlawful in the sense that she was being restrained of her liberty in such a way as would warrant interference by the court by a common-law writ of *habeas corpus*, where, if the court found she was unlawfully restrained, the order would be for her discharge from such unlawful restraint. The controversy was between the father and the guardian, and the court found the right of the guardian to the custody of the child was subordinate to the right of the father to such custody. The court was bound to determine that question and would have failed in its duty, if, after finding that the father's right was paramount, it had not awarded the custody of the child to him. The testimony of Kathryn was not necessarily pertinent to the issue, at least not until plaintiff in error had by some evidence challenged the fitness of the father to have the custody of the child, which, as we have seen, was not done in this case, but it could have had no influence with the court in the determination of the issues and the con-

clusion and final order of the court could not have been different, if it had not been introduced. Its introduction, therefore, even if erroneous, was not reversible error.

The judgment of the Circuit Court is, therefore, affirmed.

*Judgment affirmed.*