**The People of the State of Illinois ex rel. Roy Burr, Defendant in Error, v. John Fahey and Mary Fahey, Plaintiffs in Error.**

**Gen. No. 28,292.**

1. ADOPTION OF CHILDREN—*sufficiency of petition to confer jurisdiction in adoption proceeding.* A county court has jurisdiction in an adoption proceeding under Cahill's Ill. St. 1921, ch. 4, ¶ 1, providing for the filing of a petition for adoption in that or the circuit court, and ¶ 2 providing what must be stated in the petition where the petition filed by a husband and wife alleged in substance that the petitioners were then in custody of the child in question, the mother of which was dead, that she had been awarded the custody of the child in an absolute divorce decree, that the father was not a fit and desirable person to have the custody of the child and that he had abandoned it, and all the jurisdictional facts

as to their fitness, ability to provide for the child, and residence within the county.

2. ADOPTION OF CHILDREN—*when showing as to appointment of guardian ad litem not jurisdictional in adoption decree.* A county court has jurisdiction of an adoption proceeding where the petition alleges substantially all the jurisdictional facts required under Cahill's Ill. St. 1921, ch. 4, ¶¶ 1, 2, relating to adoption, and the court found on the hearing, over the objection of the father of the child in question, that he was not a fit and desirable person to have the custody and that he had abandoned the child, and also found in substantial accord with the provisions of ¶ 3, relative to hearing, findings and decree in adoption proceedings; and such decree is not open to collateral attack by habeas corpus because it does not recite the appointment of a guardian *ad litem* for such child and the fact of such appointment does not appear in the records of the court.

3. ADOPTION OF CHILDREN—*county court's jurisdiction as affected by prior divorce decree affecting custody of child.* A county court is not deprived of jurisdiction of an adoption proceeding upon proper petition filed, by the fact that a prior divorce decree had awarded the child in question to its mother after a finding of unfitness of the father, and that subsequently to the divorce decree and prior to the adoption proceeding the mother died, since the father's control of the child was taken away by the divorce decree and could not be restored except upon proper application to the court having jurisdiction of the divorce matter and a proper showing of fitness by him.

4. JUDGMENTS—*when decree of adoption conclusive as against habeas corpus.* A decree of the county court in adoption proceedings, allowing the adoption, cannot be collaterally attacked by habeas corpus by the father of the child whose custody is in issue, where the proceedings of the county court were regular in all respects and based upon a petition containing all jurisdictional facts, and where it was made after proper hearing on notice to the interested parties, and all jurisdictional matters were put in issue and found against the father of the child.

Error by defendants to the Superior Court of Cook county; the Hon. HARRY B. MILLER, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1923. Reversed and remanded with directions. Opinion filed June 26, 1923.

KELLY, DEVER & DUFFY, for plaintiffs in error; DANIEL M. DEVER and JOHN T. DUFFY, of counsel.

No appearance for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

John Fahey and Mary Fahey have sued out this writ of error to reverse the order and judgment of the superior court of Cook county, entered in a habeas corpus proceeding on August 10, 1922, whereby the custody of a child, Robert Burr, was awarded to his father, Roy Burr, the relator. It is the settled law of this State that in a habeas corpus proceeding for the custody of a child a writ of error will lie to review the judgment of the court. (*Sullivan v. People*, 224 Ill. 468, 473.) No printed brief and argument has been filed in this Appellate Court on behalf of the relator.

The petition for the habeas corpus writ was filed on August 4, 1922, and it is therein alleged in substance that Robert Burr, petitioner's minor son, is unlawfully detained in the custody of the respondents, John and Mary Fahey, by virtue of a decree of adoption entered by the county court of Cook county on June 27, 1922; that petitioner and Daisy Burr were lawfully married on March 18, 1916, and that their child, Robert Burr, was born on January 15, 1917; that Daisy Burr obtained a decree of divorce from petitioner on October 18, 1917, which decree was entered by one of the judges of the superior court, and she was therein awarded the custody and control of the child; that on January 16, 1922, Daisy Burr, the mother, died intestate; that at the time of her death she and the child were residing in Chicago at the home of respondents; that immediately after the death of Daisy Burr petitioner demanded of respondents that they surrender to him the custody of the child, which they refused to do; that thereafter, on April 13, 1922, respondents filed in the county court a petition for the adoption by them of the child and that his name be

changed; and that the petitioner filed his appearance
in the county court "for the purpose of contesting
the adoption proceedings," and also his answer
"withholding his consent to said adoption." Peti-
tioner further alleged in substance that said decree of
adoption "is void" (1) because of want of jurisdic-
tion in the county court (2) because no guardian *ad
litem* was therein appointed, or no appearance en-
tered by a guardian *ad litem,* in behalf of the child,
and (3) because by reason of said divorce decree, en-
tered October 18, 1917, the superior court "retained
jurisdiction of the said child," and upon the death of
the mother, to whom the custody of the child had been
awarded, the jurisdiction over said child "re-vested"
in the superior court. Petitioner further alleged that
he is permanently residing in Chicago and that he has
in the past provided for the support and maintenance
of the child.

The writ was issued and the child was brought into
court. In respondents' verified return, filed August
9, 1922, they denied that the child was unlawfully de-
tained by them, or that petitioner was permanently
residing in Chicago. They admitted the granting of
the decree of divorce and the awarding therein of the
custody of the child to the mother, the death of the
mother, intestate, on January 16, 1922, and the filing
of the petition by them in the county court for the
adoption of the child. They denied that after the
mother's death petitioner had made any demand upon
them for the surrender to him of the child. They al-
leged that by the further provisions of the divorce de-
cree petitioner was ordered to pay to Daisy Burr, for
her support and that of the child, the sum of $12 per
week, but that he had failed and refused to make the
payments in accordance with the decree. They fur-
ther alleged that the hearing in the county court on said
petition for the adoption of the child consumed two

days, that petitioner was present and contested the case, and that the county court finally entered the adoption decree, a copy of which they are ready to produce, etc. They denied that the county court was without jurisdiction to enter the decree, or that the decree was void for any of the reasons stated by petitioner, or for any other reasons.

On the hearing on the habeas corpus writ, at the suggestion of the court, Charles Wurster, minute clerk of the county judge at the time the decree was entered, and William J. Trend, vault clerk in the office of the clerk of said county court, gave testimony; and there were introduced in evidence the petition for adoption as amended, the relator's answer thereto, certain certificates of mailing and publication, certain entries in the clerk's minute book, and the decree of adoption. No evidence was offered by the relator as to his fitness to have the care and custody of the child.

In the petition for adoption as amended, jointly signed and verified by John Fahey and Mary Fahey, his wife, it is alleged in substance that they are, and have been for forty-one years, residents of Chicago, and have no children of their own and no lineal heirs; that the child, Robert Burr, is about five years of age and of the male sex; that upon the death of Daisy Burr, the mother, on January 16, 1922, she left the child in the care and custody of John and Mary Fahey, and the child is now in their custody at their residence, No. 4300 North Crawford avenue, Chicago; that the father of the child, Roy Burr, now resides in Essex, Illinois; and that the causes for adoption of the child are that he may have a good home and be properly cared for and educated, and that he may be made the legal heir at law of John and Mary Fahey for the purpose of inheriting any property of which they may die possessed. The petition sets forth the

material portions of the divorce decree, entered October 18, 1917, wherein Daisy Burr was granted an absolute divorce from Roy Burr, awarded the custody of the child, and given leave to resume her maiden name of Daisy Fahey. It is further alleged that Roy Burr has at all times failed to provide a home or to provide the necessities of life for the child; that John and Mary Fahey have provided for the child for the past four years, and also for the child's mother for two years prior to her death; and that Roy Burr "is not a fit and desirable person to have the care, custody and control of the said minor child," and that "the said Roy Burr has abandoned the said Robert Burr." The petitioners prayed for leave to adopt the child as their own and that the name of the child be changed to that of William Robert Fahey.

The answer of Roy Burr to the petition for adoption was filed on April 24, 1922, and he therein alleges that he resides at No. 2126 Jackson Boulevard, Chicago, and that he objects to the adoption of the child. After mentioning the decree of divorce and the awarding by the court of the custody of the child to his former wife, he alleges that from and after the entry of said decree he contributed regularly to the support of the child in accordance with said decree; that since the death of his former wife the child has been in the care and custody of John and Mary Fahey, who are respectively the uncle and aunt of his former wife; that he (Roy Burr) is a machinist by trade, employed at No. 625 W. Jackson Boulevard, Chicago, earning about $40 per week, and is able and willing to care for and support the child, and that his mother and sister, who have a large farm and home at Essex, Illinois, are willing and able to aid and assist him in the proper care and education of the child.

In the adoption decree the county court found that "the allegations in said petition are fully proven";

that John and Mary Fahey are, and have been for forty-one years, residents of Chicago, Illinois, and have no children and no living lineal heirs; that the child, Robert Burr, is about five years of age and is of the male sex; that the child's mother died January 16, 1922; that the child's father, Roy Burr "is not a fit and proper person to have the care, custody and control of the said minor child in that he has abandoned the said child," and that petitioners have had the care, custody and control of the child for a period of over four years. The court further found that "the guardian, *ad litem* of said minor child, Robert Burr, consents to the adoption of said child by the petitioners, John Fahey and Mary Fahey, his wife," and that said petitioners "are of sufficient ability to bring up the said child; and furnish suitable nurture and education therefor; and that it is fit and proper that such adoption should be made, and for the best interest of the child." And the court ordered and decreed that from this date the said child "shall to all legal intents and purposes, be the child of the petitioners, John Fahey and Mary Fahey, his wife, and for the purposes of inheritance and all other legal incidents and consequences, shall be the same as if he had been born to them in lawful wedlock." And the court further ordered that the name of the child be changed to Robert Fahey. It did not appear that the records of the county court disclosed that an order was entered by that court at any time, appointing any person as guardian *ad litem* for the child, or that any written appearance was entered by a guardian *ad litem,* although it appeared from the testimony of Charles Wurster, minute clerk of the county judge, that he was appointed such guardian by the judge who entered said decree, and that he acted as such guardian during the entire proceedings.

From an examination of the record in the instant

case, it appears that the trial court, in entering the judgment sought to be reversed, was of the opinion that the adoption decree of the county court was void because that court was without jurisdiction to enter it. If the county court had jurisdiction to enter the adoption decree, it was not open to collateral attack and the judgment here in question, wherein in a habeas corpus proceeding the custody of the child was awarded to Roy Burr, cannot stand. It is well settled that a writ of habeas corpus does not operate as a writ of error, and cannot be used to review or correct a judgment entered by a court which had jurisdiction of the person and subject-matter of the suit wherein the judgment was rendered, and power or jurisdiction to render the judgment entered. (*People v. Siman*, 284 Ill. 28, 31; *People v. Zimmer*, 252 Ill. 9, 13.) In section 1, as amended, of the Act of 1874 in relation to the adoption of children (Cahill's Ill. St. 1921, ch. 4, ¶ 1), provision is made for the filing of a petition in either the circuit court or county court of the proper county by a reputable person seeking the adoption of a child not his own, and if the person has a husband or wife it is required that they join in the petition and that the adoption be by them jointly. Section 2 of the Act, as amended (Cahill's Ill. St. ch. 4, ¶ 2), provides what must be stated in the petition, etc. It appears from the present record that in April, 1922, John Fahey and Mary Fahey, husband and wife, filed a petition in the county court, praying for leave to adopt the child and that the child's name be changed. It further appears that Roy Burr, the father of the child, had notice of the proceedings, answered the petition and contested the proposed adoption. It has been held that the petition is jurisdictional in its character, and that the facts, which are required by the statute to give the court jurisdiction, must appear upon the face of the petition itself.

(*Watts v. Dull,* 184 Ill. 86, 92; *Kennedy v. Borah,* 226 Ill. 243, 249.) It has also been held that while there must be a substantial compliance with the statute conferring jurisdiction upon the court, the construction should not be so narrow or technical as to defeat the intention of the legislature and thereby invalidate a proceeding where every material provision of the statute has been complied with. (*Kennedy v. Borah,* 226 Ill. 243, 250; *Flannigan v. Howard,* 200 Ill. 396, 400; *Barnard v. Barnard,* 119 Ill. 92, 98.) And it has been held that if the averments of the petition are sufficient to give the county court jurisdiction, the order of adoption is not open to collateral attack. (*Yockey v. Marion,* 269 Ill. 342, 349; *Kennedy v. Borah, supra; Flannigan v. Howard, supra.*) Upon examination of the petition for adoption, as disclosed in this record, and of said section 2, as amended, of said Act, we are of the opinion that sufficient facts are stated in the petition to meet the material requirements of the statute and to confer jurisdiction upon the county court to act.

Section 3, as amended, of the Act (Cahill's Ill. St. ch. 4, ¶ 3) relates to the hearing, findings and decree, and it is therein provided in part that:

"If the court shall find that (1) the parents or surviving parent of a legitimate child  *  *  *  consents to the adoption; or, (2)  *  *  *  that the surviving parent(s)  *  *  *  is so unfit for any of such reasons —the grounds of unfitness being (a) depravity; (b) open and notorious adultery or fornication; (c) habitual drunkenness  *  *  *  (d) extreme and repeated cruelty to the child; (e) *abandonment of the child;* or (f) desertion of the child for more than six (6) months next preceding the filing of the petition; or (3) that the person or persons whose consent is required has been deprived of the custody of such child by a court of competent jurisdiction, and such court in the order appointing a guardian over the person of

the child has authorized such guardian to consent to
the adoption of such child without notice to or assent
by the parents, and that such guardian consents to
such adoption; and if the court further finds that the
facts stated in the petition are true, and that the peti-
tioner is of sufficient ability to bring up the child and
furnish suitable nurture and education, and that it is
fit and proper and for the best interest of the child
that such adoption should be made, *a decree shall be
made,* setting forth the facts and ordering that from
the date of the decree the child shall, to all legal in-
tents and purposes, be the child of the petitioner or
petitioners, and may decree that the name of the
child be changed according to the prayer of the peti-
tion."

It appears from this section 3 that, notwithstanding
a surviving parent does not consent to the proposed
adoption of the child, if the court finds that such par-
ent is unfit to have the child upon any one of six
grounds mentioned in clause (2) of the section and
also finds certain further facts mentioned, the decree
shall be granted.    One of the six grounds is the
"abandonment of the child."    While in case of "de-
sertion of the child" such desertion must be for more
than six months next preceding the filing of the peti-
tion, the section makes no mention of how long the
abandonment shall have continued.    In the petition
for adoption, filed by the respondents herein, it was
alleged *inter alia* that the father, Roy Burr, was not
a fit and desirable person to have the care and cus-
tody of the child and that he "has abandoned the said
Robert Burr."    In the adoption decree the county
court found *inter alia* that the allegations of the peti-
tion had been fully proven, and that the father, Roy
Burr, was not a fit and proper person to have the care
and custody of the child in that "he has abandoned
the said child."    The other findings of the decree, and
the decretal part thereof, are in substantial accord

with the provisions of said section 3. We are of the opinion that the county court was not lacking in jurisdiction to enter said decree of adoption. And we do not think that the fact that the records of the county court fail to show the appointment of a guardian *ad litem* for the child renders the adoption decree void, or subjects it to collateral attack. (*Van Matre v. Sankey,* 148 Ill. 536, 553; *Barnett v. Wolf,* 70 Ill. 76, 83.)

It appears that during the hearing under the habeas corpus writ the attorney for petitioner contended that the county court had no jurisdiction to enter the decree of adoption because of the prior divorce decree, wherein the superior court awarded the care and custody of the child to the mother who was then living. The argument was in substance that such decree as to the custody of the child was to be regarded as a temporary one and subject to be modified upon petition being presented showing changes affecting the welfare of the child (*Hohenadel v. Steele,* 237 Ill. 229, 235); and that upon the death of the mother the superior court alone had jurisdiction to change that decree or make a new decree awarding the care and custody of the child to the father or another person. It is a sufficient answer to the contention and argument, we think, that it does not appear that the father, Roy Burr, after the death of his former wife, made any application to the superior court in said divorce case to have the custody of the child awarded to him, or to show to that court that he was a fit person to have the custody. The issue as to his fitness to have the custody of the child, and as to whether he had abandoned the child, was tried before the county court in the adoption proceedings and decided adversely to him. Furthermore, we understand it to be the law that, upon a decree of divorce being granted to the wife for the fault of the husband and

giving the custody of a child to the mother, the decree takes away, *ipso facto,* all control of the father over the child, until it is restored to him by the action of the proper court. (*Wilkinson v. Deming,* 80 Ill. 342.) And while upon the death of the mother the father is entitled to the custody of the child, in preference to another person who has no natural right to the child, providing it is shown to the proper court that he is a fit person to have that custody (*Stafford v. Stafford,* 299 Ill. 438, 453), yet such divorce decree as to the child's custody cannot be indirectly modified in a habeas corpus proceeding. (*People v. Small,* 237 Ill. 169, 172.)

Our conclusion is that the superior court, in this habeas corpus proceeding, was not warranted in entering the judgment awarding the custody of Robert Burr to his father, Roy Burr, and that such judgment should be reversed and the cause remanded to the superior court with directions to have the child, Robert Burr, again brought into court and remanded to the custody of John Fahey and Mary Fahey, his wife, and upon that being done to dismiss the relator's petition, and it is so ordered.

*Reversed and remanded with directions.*

FITCH and BARNES, JJ., concur.