In re Matter of Arleen Harstad and Robert Harstad, Minors, by their Father and Next Friend, Leroy Harstad, Appellant, v. People of State of Illinois, Appellee.

## Gen. No. 44,652.

Opinion filed March 16, 1949. Released for publication April 11, 1949.

LAWRENCE B. JACOBS, CHAUNCEY C. OWNBEY and EVELYN J. OWNBEY, all of Chicago, for appellant.

No appearance for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a proceeding under the Neglected and Delinquent Children Act, Chap. 23, Pars. 190-220, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 19.081–19.111]. Petitions filed in the Juvenile Court under the Act resulted in decrees depriving Leroy Harstad of the custody of his children Arleen, age 13 years, and Robert, age 11. The father Leroy Harstad has appealed. No briefs have been filed on behalf of any other party.

The appellant's notice of appeal is entitled *Leroy Harstad, plaintiff v. Elizabeth Harstad, defendant* and the purport of the notice is to appeal from a judgment in favor of "Defendant" Elizabeth Harstad against the "Plaintiff" Leroy Harstad for the custody of the plaintiff's three minor children. The title of the case given on the notice of appeal is obviously erroneous. Furthermore, there was no judgment in favor of Elizabeth Harstad and the petition involving the third child Beverly is not before us.

The proceedings originated with the filing of two petitions, one of which covered Arleen, and the other Robert Harstad. A separate decree was entered by the judge of the Juvenile Court upon each petition. The proceedings, Nos. 197406 and 197408 were consolidated by an order of the judge.

The petitions were substantially the same. They were filed in accordance with Section 4 of the Act (Chap. 23, par. 193 [Jones Ill. Stats. Ann. 19.084]) charging that the children were dependent in that they had no proper parental care or guardianship (par. 190 [19.081]); that their mother had died and that their

father had wholly neglected and failed to properly care for the children; that he is unable to care for, protect, train and educate, control and discipline the children (par. 193 [19.084]); and that he is able to contribute toward their support (par. 216 [19.107]). The prayers were that Leroy Harstad, Elizabeth Harstad and William Erickson, President of the County Board, (par. 196 [19.087]) show cause why custody of the children should not be taken from them; and that the court dispose of the children for their best interest and appoint a suitable guardian for them.

Leroy Harstad was married in 1915. Five children were born to him and his first wife. She died in April 1945. Thereafter he and his children lived in a rented bungalow in River Grove, Illinois. About a month after his first wife's death, Leroy Harstad's mother moved in and stayed with his family until he remarried. He married a second time and his wife with her small daughter moved into the Harstad home. The second wife and her daughter left after one week and he never saw them again. He obtained a divorce. His mother moved back into the home and stayed until Leroy Harstad married his present wife, Elizabeth, and until the Harstad family moved into Elizabeth's home in Elmwood Park, Illinois, in February 1947. This third marriage occurred in November 1946. Soon thereafter Harstad lost his railroad switchman's job. His wife continued working as a night cashier in a Chicago theatre. In August 1947, Leroy and Elizabeth Harstad separated. The children were left with her. Pursuant to his promise made at the separation, he sent Elizabeth Harstad $100 per month until December 1947.

Thereafter, Elizabeth Harstad filed a suit for divorce. Leroy Harstad appeared and was advised by the court of his natural right to the children. He went to the Elmwood Park home accompanied by policemen and sought to take the children. They refused to leave.

He complained to Juvenile Court authorities that the home was not conducive to the welfare of his three children who were left unsupervised at night while two young men occupied rooms in the house. The petitions were subsequently filed by a probation officer. This is not a proceeding between Elizabeth and Leroy Harstad.

Extensive hearings of evidence were conducted by the Juvenile Court. As a result of the hearings the court found that Arleen and Robert Harstad were dependent children for the reasons alleged in the petition and appointed Harry Hill, Chief Probation Officer of the Juvenile Court, guardian and ordered him to place them in a suitable home. It is plain from the record that Hill will comply with the order by leaving the children in the home of Elizabeth Harstad. There is no complaint by Leroy Harstad that Harry Hill is not a reputable citizen of good moral character. (Chap. 23, Par. 196, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 19.087].)

It will serve no useful purpose to outline the depressing testimony. Five children gave testimony at the trial. The eldest daughter who is separated from her husband and the eldest boy who has his own family, and Beverly, who is seventeen years of age, testified to their father's habitual intemperance and other conduct bearing upon his lack of fitness. This testimony referred not only to his conduct while living with Elizabeth Harstad, but to that during the life of his first wife. Their testimony was corroborated by that of Elizabeth who testified to his intemperate conduct during her life with him. The three older children, on the other hand, gave ample testimony of the splendid character of Elizabeth Harstad and her fine care of the younger children. Harstad denied that he drank intemperately. We see no reason for disturbing the finding of the Juvenile Court that the allegations of the petition had been proved.

██ Harstad complains that the court should have given custody of the children to his sister in California or to a friend of his in Chicago. There was no question of the fitness of either of these proposed custodians raised at the hearing. It is very plain, however, from the record that the trial court considered that the best interests of the children would be served by appointing Hill as their legal guardian and leaving the children in the home of Elizabeth Harstad. We think there is no doubt the court is right. Arleen and Robert Harstad expressed the desire that they be left with Elizabeth Harstad. They are both doing well at school and consider that she treats them ''wonderfully'' and gives them love and affection which the court indicated they sorely need and had not had since their mother died.

██ We agree with the legal contentions made by appellant with respect to the natural right of a father to the custody of his children. We recognize also that this principle is modified where the father is not a fit person and the best interests of the children require that their custody be placed elsewhere. This is the law under the cases cited by appellant. *Cormack v. Marshall,* 211 Ill. 519; *Sullivan v. People ex rel. Heeney,* 224 Ill. 468; *Hohenadel v. Steele,* 237 Ill. 229; *Stafford v. Stafford,* 299 Ill. 438; *Wohlford v. Burckhardt,* 141 Ill. App. 321; *People v. Hoxie,* 175 Ill. App. 563; *Stafford v. Stafford,* 217 Ill. App. 548.

The evidence in this case justified the finding that the best interest of the children required that they be taken from the custody of their father.

For the reasons given the decrees are affirmed.

*Affirmed.*

BURKE, P. J., and LEWE, J., concur.