(No. 32660.

NELLROSE JARRETT *vs.* ROBERT JARRETT, Appellee.—(ADA BOGGESS *et al.*, Appellants.)

*Opinion filed May 20, 1953.*

L. A. MEHRHOFF, of Carrollton, WISEMAN & CHAP-MAN, of Alton, and ROBERTS & KEPNER, of Springfield, for appellants.

JOHN B. HARRIS, of Granite City, for appellee.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

The sole question in this case concerns the jurisdiction of a circuit court to modify the custody provisions of a divorce decree after the death of the spouse to whom custody of the child was awarded by the decree.

A decree of the circuit court of Greene County entered on May 26, 1949, granted Nellrose Jarrett a divorce from her husband, Robert Nelson Jarrett, upon the ground of desertion, and awarded her the custody of their son, David Nelson Jarrett, then two and one-half years of age. From his birth the child lived with his maternal grandmother, Ada Boggess, and her husband, Ernest Boggess, except for a short time when he lived with his great-grandmother. Each of the child's parents remarried in 1950. The child's mother died in 1951 and his father filed a motion to amend the divorce decree to provide that custody be awarded to him until the further order of the court. The maternal grandmother and her husband filed an intervening petition seeking an order modifying the divorce decree so as to grant the custody of the child to them. The father answered the intervening petition, evidence was heard, and an amended decree was entered awarding custody to the maternal grandmother. Upon appeal, the Appellate Court for the Third District reversed the amended decree and remanded the cause, with directions to modify the original

decree and grant the custody of the child to his father. (*Jarrett* v. *Jarrett,* 348 Ill. App. 1.) We have granted the intervenors' petition for leave to appeal.

The contention of the intervenors is that upon the death of a party to a divorce action the proceeding terminates so far as questions relating to the custody of children are concerned, and that the court thereafter lacks jurisdiction to determine the custody of a child upon a petition filed in the original divorce action, seeking to modify or amend the divorce decree. They contend that *habeas corpus* is the proper remedy. This jurisdictional issue was not raised in the trial court but was urged for the first time by the intervenors in their petition for rehearing in the Appellate Court. The question of jurisdiction of the subject matter may, however, be urged at any time either in the trial court or in the reviewing courts. (*Martin* v. *Schillo,* 389 Ill. 607; *Burroughs* v. *Donner,* 282 Ill. 299.) To sustain the judgment of the Appellate Court, appellee urges that the Divorce Act has conferred upon the court granting a divorce a continuing jurisdiction to make whatever changes in the custody of the child are necessary to his welfare, and that no time limits are placed upon the exercise of this jurisdiction.

Section 18 of the Divorce Act, to the extent relevant, provides that when a divorce shall be decreed, the court may make such order with respect to the care, custody and support of children as, in the circumstances of the parties and the nature of the case, shall be fit, reasonable and just. It specifically declares: "The court may, on application, from time to time, make such alterations in the * * * care, custody and support of the children, as shall appear reasonable and proper." (Ill. Rev. Stat. 1951, chap. 40, par. 19.) There is no express limitation of this authority to the lifetime of one or both parties to the divorce action.

The intervenors' position rests upon authorities from other jurisdictions to the effect that the court which grants a divorce decree loses jurisdiction to amend the custody

provisions of the decree upon the death of one of the parties. Many courts have so held, although the result is frequently influenced by the provisions of their own constitutions or statutes. (*Hughes* v. *Bowen,* 193 Okla. 271, 143 Pac. 2d 139; *LeClerc* v. *LeClerc,* 85 N.H. 121, 155 Atl. 249; *Lindblad* v. *Peterson,* 119 Neb. 511, 229 N.W. 885, (guardianship proceeding;) *In re DeLeon,* 70 Cal. App. 1, 232 Pac. 738, (adoption proceeding;) *Stone* v. *Duffy,* 219 Mass. 178, 106 N.E. 595, (*habeas corpus;*) *Barry* v. *Sparks,* 306 Mass. 80, 27 N.E. 2d 728, (action for board and lodging furnished the child of divorced parents.) This view is described as "the prevailing rule" in an annotation in 74 A.L.R. 1352, 1357. That annotation also states that the contrary rule is supported by decisions from five jurisdictions, including Illinois. (*Stafford* v. *Stafford,* 299 Ill. 438, 20 A.L.R. 827.) Other courts recognize, either expressly or impliedly, the continuing power of divorce courts to amend the custody provisions of their decrees after the death of one of the parties to a decree. *Ellenburg* v. *Woodson,* 131 Ore. 440, 283 Pac. 27; *Purdy* v. *Ernst,* 93 Kan. 157, 143 Pac. 429; *Hill* v. *Hill,* 49 Md. 450.

Two cases give the flavor of the conflicting lines of authority. In *LeClerc* v. *LeClerc,* 85 N.H. 121, 155 Atl. 249, a divorce decree had awarded custody of two of four children to the father and two to the mother. Following the father's death, his sister petitioned the court which had granted the decree for custody of the two children awarded to the father. The mother sought custody of all four children. An order was entered awarding the custody to a third party. The Supreme Court of New Hampshire said: "When the joint rights of the parties were terminated by the death of the father the problem of custody, so far as it concerned the divorce court, ceased to exist, * * *. The divorce laws gave the court no authority to consider new questions then arising although similar in nature to

those previously passed upon, nor did they make the children the permanent wards of the court. * * * For the purpose of deciding who should have the custody of the LeClerc children after the death of their father, the divorce proceeding was dead and the defendant's [mother's] exception to the attempt of the trial court to make further orders therein must be sustained."

In *Purdy* v. *Ernst,* 93 Kan. 157, 143 Pac. 429, the statutory language with respect to modifying the custody provisions of a divorce decree was substantially the same as that of section 18 of our Divorce Act. After the death of the father to whom custody had been awarded by a divorce decree, the mother made a motion in the original divorce action asking that the divorce decree be modified by awarding her the custody of the child. Sustaining the propriety of that procedure, the court said: "While the power to provide for the custody of minor children will be exercised in the first instance as a necessary incident to the granting of a divorce, the welfare of the children thenceforth becomes an independent subject over which the court possesses a continuing jurisdiction. This jurisdiction may be invoked by anyone interested in the children, or may be exercised by the court on its own motion should circumstances require. The form of the proceeding is not very material, but since a change of custody necessarily works a modification of the original order it is proper to proceed in the divorce action. The death of a party to the divorce action cannot interfere with the power of the court to make suitable provisions for the custody of children as changed conditions may demand, and no revivor is necessary in order that such power may be called into exercise."

Although the precise question has not been decided by this court, the continuing jurisdiction of the divorce court over the custody of children after the death of one of the parties to the divorce has been implicitly recognized in several cases. There are no decisions to the contrary, so

far as we are aware, although in like situations the custody question has also been determined in *habeas corpus* proceedings. *Habeas corpus* was employed in *People ex rel. Good* v. *Hoxie,* 175 Ill. App. 563, and in *Smith* v. *Bruner,* 312 Ill. App. 658, to determine the custody of children after the death of the spouse to whom custody had been awarded by a divorce decree. These cases, however, contain no suggestion that the divorce court lacks jurisdiction. *Habeas corpus* was also employed in *People ex rel. Hanawalt* v. *Small,* 237 Ill. 169, and *People ex rel. Burr* v. *Fahey,* 230 Ill. App. 143, but each of these cases strongly suggests the propriety, at least, of submitting the custody issue to the court which entered the divorce decree. "The decree, [divorce decree,] until modified, is conclusive as between the husband and wife and their representatives. Circumstances, if any exist, which might move the court to modify the decree cannot be considered in this proceeding but should be presented to the court by which that decree was rendered." *People* v. *Small,* 237 Ill. at 172.

*Stafford* v. *Stafford,* 299 Ill. 438, involved both a guardianship proceeding and a proceeding to modify a divorce decree. The divorce decree had awarded custody of a child to the mother and had found the father an unsuitable person to have the care and custody of the child. Thereafter, the child's mother died testate, devising and bequeathing all her property to him and directing that the court appoint a guardian of his estate. Over the father's objection, the county court appointed a maternal aunt of the child as guardian of his person and property. The child's father made a motion in the circuit court to open up the decree of divorce with respect to the custody of the child. He also appealed to the circuit court from the order appointing the guardian, and the guardianship proceeding was consolidated with the motion to modify the decree for divorce. The court modified the divorce decree to award custody to the father, and in the guardianship proceeding

appointed the aunt as guardian of the property only. In its opinion this court said: "That court [circuit court] not only had the right and the jurisdiction to settle the question [custody] in the first instance, but it continued to have the right to reconsider the question upon proper application and to make changes in its order as to the custody of the child whenever new conditions warranted it under the evidence produced. This right to modify the decree as to the custody of the minor child from time to time, as shall appear reasonable and proper, is expressly given by section 18 of our Divorce act, which has been sustained frequently by the decisions of this court."

In *Price* v. *Price,* 329 Ill. App. 176, and *Lucchesi* v. *Lucchesi,* 330 Ill. App. 506, the court which had entered the divorce decree modified the custody provisions of the decree upon application after the death of the spouse to whom custody had been awarded. In neither case was any question raised as to the propriety of proceeding in this manner or as to the jurisdiction of the court to modify the decree.

This review of the Illinois cases indicates clearly that rigid and mutually exclusive jurisdictional boundaries have been neither fixed by statute nor established by decision in proceedings involving the custody of minor children. Perhaps sound policy would support the establishment of less flexible jurisdictional lines. To make that determination, however, is not the responsibility of this court. It is enough for us that such implications as there are in our decisions all support the jurisdiction which was exercised in this case.

The court which entered the decree in this case had jurisdiction of the subject matter, the custody of the child, whether the case in which it exercised that jurisdiction bore the title of the divorce case or the caption of an independent *habeas corpus* proceeding. (Cf.: *Szewczyk* v. *Szewczyk,* 320 Ill. App. 562, 566.) There is here no question of jurisdiction of the parties, for those who now challenge jurisdic-

tion voluntarily intervened and sought affirmative relief. Like the Kansas court, we are inclined to feel that "The form of the proceeding is not very material."

We hold, therefore, that the circuit court did not lack jurisdiction.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE HERSHEY took no part in the consideration or decision of this case.