CASE 54.—ACTION BY C. L. RAISON, JR., FOR USE, ETC.,
AGAINST AUGUSTUS H. CLARK TO ENFORCE A
JUDGMENT.—September 25.

# Clarkv. Raison, Jr., for Use, etc.

Appeal from Campbell Circuit Court.

A. S. BERRY, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Reversed.

1. Judgment—Bar to Claim—Availability.—A judgment, in an ac-
tion to settle an estate, which distributes a part thereof to a
judgment debtor, cannot be pleaded as a defense to an action
by the creditor to enforce the judgment against the debtor's
distributive share; the two judgments being in nowise an-
tagonistic.

2. Process — Warning Order — Requisites.—A warning order
against non-resident defendants, husband and wife, which re-
cites, "The defendant," followed by the husband's name, fol-
lowed by the abbreviation, etc.," without mentioning the
name of the wife, "warned to appear," etc., is void as to the
wife, and she is not brought into court thereby.

3. Judgment—Set Off—Against Assigned Judgment.—Under Civ.
Code Prac. Sec. 19, providing that an assignment of a thing
in action shall be without prejudice to any set-off, and Sec.
96, Subsec. 2, authorizing a set-off in an aciton on a judgment,
a claim of a judgment debtor against the judgment creditor,
which arose before the assignment of the judgment, is a law-
ful set-off against the judgment in the hands of the as-
signee.

HODGE & WOLFF for appellant.

POINTS AND AUTHORITIES.

1. The petition does not properly plead judgment: Code sec.
122; Laidly v. Cummings, 83 Ky., 606.

Clark v. Raison, Jr., for Use, Etc.

2.  The court had no jurisdiction because the title holder is not before the court.  No warning order against her: Brownfield v. Dyer, 7 Bush, 505.

3.  It was error to give a judgment upon a domestic judgment.

4.  The plea of res judicata is good.

5.  The plea of set-off should have been allowed and a judgment given appellant for his balance: Code secs. 19, 96; Merrill v. Souther, 6 Dana, 305; Jackson v. Holloway, 14 B. Mon., 108; Jeffrie v. Evans, 6 B. Mon., 119; Crawford v. Duncan, 6 Ky. Law Rep., 734; Harlem v. Lumsden, 1 Duval, 89.

6.  No fraud is proven.

L. C. RAISON, JR., for appellee.

### POINTS AND AUTHORITIES.

1.  The rule of res judicata can never be applied unless in a case between the same parties, or their privies, and where the same subject matter is involved, and has been litigated.

2.  An open and unsettled account cannot be plead and used as a set-off against a judgment especially the assignee of the judgment: Sec. 277, Civ. Code; Pheiffer v. Harris, 74 Ky., 400; McNess v. Owens, 15 Ky. Law Rep., 126; Civ. Code, sec. 86.

3.  The judgment of the lower court is correct in holding that the property sought to be subjected to the payment of appellees judgment is the property of A. H. Clark, and was fraudulently placed in the name of his wife, Emma J. Clark, for the purpose of cheating and defrauding the appellee, and that she held the property in trust for A. H. Clark, and ordering it sold for the satisfaction of the judgment.

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

Alfred R. Clark obtained a judgment against his brother, Augustus H. Clark, in the Campbell circuit court, for the sum of $1,185.35, which he assigned to the plaintiff, C. L. Raison, Jr.  After a return of nulla bona by the sheriff of Campbell county, into whose hands the execution came, this action was instituted for a recovery and attachment, under the provisions

of section 439 of the Civil Code of Practice, and also
to set aside a conveyance of certain real estate in the
city of Dayton, Campbell county, Ky., to Emma J.
Clark, the wife of the defendant Augustus H. Clark,
on the ground that the property really belonged to
the husband, who had procured the conveyance to his
wife in order to conceal his property and defraud his
creditors. An affidavit was filed of the non-residence
of the defendants, and a warning order procured
against them, under the provisions of the Code regu-
lating constructive service of process. Afterwards,
Augustus H. Clark entered his appearance, and filed
an answer in three paragraphs. By the first, he
pleaded in bar of the action a judgment rendered in
a case to settle his mother's estate and for a division
of her property among her heirs at law. In the
second, he pleaded as a set-off a claim which he had
against his brother, amounting in round numbers to
$9,000. By the third, he denied all of the material
allegations of the petition as to the fraud by which
the property in question was conveyed to his wife,
the defendant Emma J. Clark. The court sustained
a general demurrer to the first and second paragraphs
of the answer, and overruled it as to the third. After-
wards, evidence was adduced on the question of the
fraudulent transfer by the husband to his wife, and;
the case being finally submitted to the court, a judg-
ment was rendered in favor of the plaintiff, holding
that the transfer of the property in question by the
husband, Augustus H. Clark, to his wife, Emma J.
Clark, was fraudulent, and subjecting it to the pay-
ment of plaintiff's claim. From this judgment,
Augustus H. Clark is here on appeal.

The trial court properly sustained plaintiff's de-
murrer to the first paragraph of the answer pleading

res adjudicata. The claim of C. L. Raison, Jr., is not at all antagonistic to the judgment in the case of Clark v. Clark, in which the estate of Miriam Clark, deceased, was settled and distributed. On the contrary, what is sought in this action is to enforce the judgment in the settlement case, and to subject to the payment of his debt that part of the estate of his mother which the judgment distributed to Augustus H. Clark. A judgment can only be pleaded as a bar to a claim which is antagonistic to :

A more serious question is presented in regard to the validity of the warning order by which the non-resident Emma J. Clark was sought to be constructively brought before the court. The warning order made by the clerk is as follows: "The defendant Augustus H. Clark, etc., warned to appear in this court within sixty days after the making of this warning order and answer petition, and Fred Bassman is appointed to correspond with and defend for said non-resident defendants. May 20, 1904." It will be observed that Emma J. Clark's name does not appear in the warning order, unless she can be included under the abbreviation "etc." Clearly this is not sufficient to bring her before the court. In the case of Brownfield v. Dyer, 7 Bush, 505, a warning order, which required the defendant to answer at a term commencing 18 days after the date of the order, was held to be absolutely void, although as a matter of fact the judgment complained of was not rendered until a term of the court subsequent to that at which the defendant was warned to appear. In the opinion it was said: "In all proceedings upon constructive service, the provisions of the Code regulating the same must be literally followed. Nothing short of a substantial compliance with every prerequisite will

give the court jurisdiction of the property sought to be subjected to the payment of the plaintiff's claim. Orders of warning have taken the place of orders of publication under the old practice, and, as the courts could not dispense with any prerequisite of law in making publication, neither can they do so in making orders of warning. The record must show upon its face that the provisions of the Code have been substantially complied with, or the judgment must be treated as void and inoperative.'' To the same effect are Grisby v. Barr, 14 Bush, 330, and Redwine v. Underwood, 101 Ky. 190, 19 Ky. Law Rep. 366, 40 S. W. 462. A defendant, whose name does not appear in the warning order, cannot be brought into court by it.

The demurrer to the second paragraph of the answer pleading a set-off should have been overruled. The assignment of the judgment by Alfred R. Clark to C. L. Raison, Jr., did not shut off the debtor from pleading, as a set-off against it in the hands of the assignee, any claim created before notice of the assignment and which he could have pleaded against the assignor. This is expressly provided by section 19 of the Civil Code of Practice, which is as follows: ''In the case of an assignment of a thing in action, the action by the assignee is without prejudice to any discount, set-off or defense now allowed; and if the assignment be not authorized by statute the assignor must be a party; as plaintiff or defendant. This section does not apply to bills of exchange, nor to promissory notes placed upon the footing of bills of exchange, nor to common orders or checks.'' Subsection 2 of section 96 defines a set-off as follows: '' A set-off is a cause of action arising upon a contract, judgment or award in favor of a defendant against a plaintiff, or against him and another; and it cannot

Clark v. Raison, Jr., for Use, Etc.

be pleaded except in an action upon a contract, judgment or award.'' The claim pleaded as a set-off in the second paragraph of the answer is for money alleged to be due from Alfred R. Clark, to Augustus H. Clark, by contract, and by the very terms of the Code can be set off against a judgment in favor of the plaintiff Alfred R. Clark, or his assignee, C. L. Raison, Jr. The case of Pheiffer v. Harris, 11 Bush, 400, does not militate against the conclusion we have reached. There the assignee of a judgment in favor of one party sought to offset it against a judgment in favor of the plaintiff, under section 407 of the old Code of Practice authorizing this procedure; in other words, the two judgments were in the hands of bona fide assignees, and it was a question of prior equities. All that was held in the opinion was that the provisions of the Code, that the set-off should take place with due regard to the legal and equitable rights of all persons interested therein, should be preserved and enforced, and that no set-off would be allowed which would be inequitable. A different status is presented by the second paragraph of the answer. The claim of the judgment debtor Alfred R. Clark arose before the assignment of the judgment to C. L. Raison, Jr., and, if it is valid, constitutes a lawful set-off against the judgment, even in the hands of the assignee, under the provisions of the Code of Practice heretofore set out.

In conclusion, we are of opinion that the judgment against the non-resident defendant Emma' J. Clark is void, and that the court erred in sustaining plaintiff's demurrer to the plea of set-off alleged in the second paragraph, and that for these reasons the judgment should be reversed, allowing all parties to amend or plead as justice requires, and for further

procedure consistent with this opinion; and it is so ordered.