Stanley Szewczyk, Appellee, v. Sophie Szewczyk, Appellant.

Gen. No. 42,671.

Opinion filed November 17, 1943.

Mitchell Kilanowski, of Chicago, for appellant.

Thos. A. McCaffrey, of Chicago, for appellee.

Mr. Justce Burke delivered the opinion of the court.
On November 17, 1942 Stanley Szewczyk filed a complaint for divorce in the circuit court of Cook county against Sophie Szewczyk, alleging that on July 21, 1934 they were married; that there was no issue of the marriage; and that defendant was guilty of extreme and repeated cruelty. On November 25, 1942 defendant filed a petition stating that plaintiff departed the abode of the parties, leaving her with John, the 11-year-old boy of plaintiff, by a former marriage. She prayed for a reasonable sum for the support and maintenance of John and for her solicitor's fees. Plaintiff answered the petition and asked that the court enter an order "placing the said child in suitable Catholic boarding school, the expenses of which this plaintiff is willing to bear," which he stated would be for the best interest of the child. Defendant answered the complaint for divorce, denying the allegations of cruelty and asserting that on November 12, 1942, by a judgment of the municipal court of Chicago, plaintiff was found guilty of assault and battery upon her. In her answer defendant also stated that plaintiff's son John "was

raised and nurtured by said defendant and that plaintiff abandoned the child on the 12th day of November 1942.'' On January 8, 1943 plaintiff filed a petition representing that John was his (plaintiff's) child by a previous marriage and that ''the said child has been in the care, custody and control of the defendant Sophie Szewczyk''; that on December 2, 1942 plaintiff visited the home of the defendant for the purpose of taking custody of his child, but that defendant refused to allow him to take the child; that he believes it to be for the best interest of John that he be placed in a suitable Catholic boarding school; and prayed for an order directing defendant to deliver the custody of John to him. Defendant answered the petition, stating that she married plaintiff on July 21, 1934, at which time John was two and one-half years of age; that she raised, educated and cared for John as his own mother; that on November 12, 1942 plaintiff quit and abandoned their home and left her without any means of support other than her own earnings; that plaintiff contributed only $5 toward the support and maintenance of John; that during the time that the parties lived together plaintiff pursued a course of cruel and inhuman treatment toward this defendant and the minor child; that plaintiff is not a member of any Catholic church, nor has he a household wherein he could properly care for the said John; that the said John fears the said Stanley Szewczyk in that bodily harm may come to him; and that it is the wish and desire and request of the said John that he remain with the defendant. In her answer the defendant stated further that since the time that plaintiff left their home John improved ''in his disposition and in his studies at school,'' and that to grant the custody of John to plaintiff would be detrimental to his (John's) welfare. She prayed that a full and complete hearing be granted upon the petition and answer, that the care, custody and maintenance of John be awarded to her and that she be allowed rea-

sonable attorney's fees. On January 22, 1943 the court, having read the petition and answer and having considered the arguments of counsel, entered an order directing that defendant give the custody of John Szewczyk, the son of plaintiff, to the plaintiff on or before February 15, 1943, and denied the petition of defendant for attorney's fees.

The report of proceedings shows that in the hearing there was a discussion as to the law. The attorney for defendant then stated that he wished to make proof of the allegations in the answer to the petition. The court declined to allow defendant to offer any proof in support of her answer to the petition. The divorce case has not been disposed of according to the record in this court.

One of the points urged by the plaintiff is that "the court had no jurisdiction of the child in question since the child was not the issue of the marriage between the parties and not part of the subject matter before the court." We do not understand why plaintiff makes this point because he is the one who filed the petition asking the court to direct that defendant give the custody of the child to him (plaintiff). Pursuant to the petition of plaintiff, the court directed that the defendant give the custody of the child to plaintiff. If the court had no jurisdiction in the matter, plaintiff could have withdrawn his petition asking for custody of the child. The defendant concedes that the court has jurisdiction. Section 13 of the Divorce Act (sec. 14, ch. 40, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 109.181]) provides that the court may on application of either party, make such order "concerning the custody and care of the minor children of the parties during the pendency of the suit as may be deemed expedient and for the benefit of the children, and may award the custody of the minor child or children of the marriage to either party as the interests of the child or children require. . . . ." This section ap-

pears to contemplate that the court shall award the custody of the minor child or children of the marriage to either party. In the instant case John is not a child of the marriage. However, the circuit court is a court of general jurisdiction and has the right to decide on the custody of minor children on the filing of a petition for a writ of *habeas corpus*. Under the liberal provisions of the Civil Practice Act more than one action may be embraced in the same case. Here the parties induced the court to decide on the custody of the child. As the court had general jurisdiction of the subject matter and the parties induced the court to act, we will disregard the informality of the proceedings and consider the record as though plaintiff had filed a petition for a writ of *habeas corpus*.

We agree with the contention of plaintiff that the burden of proving unfitness was on the defendant and that unless such unfitness be established by clear evidence, fitness will be presumed. In *Carmack v. Marshall*, 211 Ill. 519, the Supreme Court said (523):

"We regard the rights of the parent as superior to those of any other person, when that parent is a fit person to have the custody of children and is so circumstanced that he can provide the necessaries of life and administer to the requirements of such a charge. The mere fact that some other person may have more money or property in any form is not one that appeals to us. The divine injunction to multiply and replenish the species was not confined to the rich, nor was it intended that the poor should beget the children and the rich should rear them."

In the *Carmack* case the court further states (527):

"The parent has the superior right to the child, but the superior right of the parent must yield to the best interest of the child. There is a recognition of both the rights, although the parent has the superior right, which is a true statement of an abstract proposition.

He only has that superior right when it accords with the best interest of the child. All things being equal, as between the parent and strangers or other persons bearing a different relation to the child, the parent's right is superior: . . . ."

Where a suit is instituted in a court of chancery relative to the person or property of an infant he is treated as the ward of the court and under its special protection. (*Swiney v. Womack,* 343 Ill. 278, 287.) There is no dispute as to the law applicable to this case. The presumption is that the father is a fit person to have the custody of the child and the burden of proving unfitness was on the defendant. The defendant sought to offer proof in support of her answer to the petition and she was not permitted to submit this proof. Her answer to the petition charged that plaintiff abandoned his child; that he contributed only $5 toward his support from November 12, 1942 until the date of the answer, January 14, 1943; that she had custody of the child from the time he was two and one-half years of age; that she cared for him as a mother; that plaintiff was cruel and inhuman in his treatment of the child; that plaintiff was not a member of any church, as he contended; that he had no household wherein to care for the child; that the child feared that bodily harm would come to him from his father; that it was the child's wish and request that he remain with the defendant; that since plaintiff left their home the child improved in his disposition and his studies at school; and that to grant the custody of the child to the plaintiff would be detrimental to the welfare of the child. While the allegation that the plaintiff pursued a course of cruel and inhuman treatment toward the minor child is a general statement, there was no motion to strike the answer. As the child is treated as a ward of the court, it was the duty of the court to hear testimony in order to ascertain whether the father is a fit person to have the custody of the child. He has asked

a court of chancery to aid him in securing custody of his child and should not object to meeting evidence purporting to show that he is unfit. Defendant, not being the mother of the child, has no right to his custody. In view of the offer by defendant of proof to show that the father was an unfit person to have custody of his child, the court erred in not receiving this proof. A court will not award the custody of a child to an unfit person. We do not wish to be understood as saying that the father in this instance is an unfit person. It would be necessary to make out a clear case of unfitness in order to deprive the father of the custody of his child. Nevertheless, we feel that in the interest of the child there should be a hearing to determine whether he is a fit person. The court is primarily concerned with the welfare of the child.

For the reasons stated the order of the circuit court of Cook county is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

KILEY, J., concurs.

HEBEL, P. J., took no part.