## Skidmore et al. v. Mitchell.

June 15, 1945.

George R. Pope for appellants.
Baker & Reams for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER
—Affirming.

In Mitchell v. Skidmore, 297 Ky. 756, 181 S. W. 2d 257, we reversed a judgment dismissing an action by Berry Mitchell against Nelson Skidmore, and others to establish a road from mining property over the land of the defendants, because of the failure to follow the terms of the statutes. Upon the return of the case commissioners were appointed and they reported the road was necessary; outlined the way which would be most available and practical for the purpose desired, and assessed the value of land taken and all damages, at $500.

The defendants filed exceptions to the report in every particular. The plaintiff filed none. The defendants alleged that $500 was too little and claimed $2,750. The jury returned the following verdict: "We the jury agree from the evidence the plaintiff is entitled to buy the right of way and fix the damage at $300."

The appellants insist that since the condemnor did not except to the report of the commissioners he was not entitled to any reduction in the $500 assessment, and that the court should have instructed the jury that they might find more but not less than $500 as the value. Their point is that the commissioners' report is binding upon a litigant who fails to file exceptions to it. It is true that we have often ruled that a report, or any particular part of it, is binding where no exceptions are filed. Jefferson County v. Clausen, 297 Ky. 414, 180 S. W. 2d 297. The rule is founded upon the primary principle that issues must be presented by a pleading. But the broad statement does not fit where one of the parties does except to confirmation and assigns grounds for exception, thereby raising an issue. The purpose of exceptions to a commissioner's report is to challenge the finding and to obtain a review as by an appeal. The allega-

tions made in the exceptions do not have to be traversed as does a pleading; the burden being upon the exceptor to sustain his charges on the appeal to the court. Long v. Howard, 260 Ky. 323, 75 S. W. 2d 742; Roberts v. Stacey, 260 Ky. 652, 86 S. W. 2d 546. Where proceedings in cases of this kind reach the court they are tried de novo, as is declared they shall be by the statute authorizing the proceeding, KRS 381.620, and in the first opinion in this case. They are conducted in general conformity with the proceedings in ordinary nisi prius trials. The pleadings are deemed sufficient if they are of such a character as clearly show the questions arising and give both parties an opportunity to defend their rights. If an issue is made on a particular item, or for a particular cause, by exceptions the effect is to vacate the award. 30 C. J. S., Eminent Domain, sec. 372. The trial de novo opens up the whole case for a trial on its merits, or at least with respect to the issue made.

The contention of the appellants was presented and denied in Shirley v. Southern R. Co., 121 Ky. 187, 89 S. W. 124, 125, where commissioners reported the value of land taken under the right of eminent domain as $1,-250, and the incidental damages at $1,250. Shirley filed exceptions only to the report fixing the value of the land taken. A jury in the county court awarded him a total of $2,400. He appealed to the circuit court where that value was fixed at $580, for the land taken, and incidental damages at $1,150. On appeal to this court Shirley contended that the trial court should have sustained his motion for a peremptory instruction to find for him $1,250 in damages, because the Railroad Company had not excepted to the report, hence that the question was closed. The court responded, "To this we cannot agree. It would have, perhaps, been better had appellee excepted to the report as a whole; but the statute requires that, where there are exceptions on appeal to the circuit court from the judgment in the county court, 'the appeal shall be tried de novo.' We therefore conclude that upon the appeal in this case to the circuit court the whole question of damages was properly submitted to the jury."

While exceptions had been filed by both parties to the commissioners' report in David v. Louisville & I. Railroad Co., 158 Ky. 721, 166 S. W. 230, 232, it was repeated that on appeal the sole question is not confined to the confirmation of the commissioners' report, "but

the whole question of the assessment of damages may be gone into by that court."

It is argued by the appellants that the judgment should be reversed because the jury ignored the instruction on the issue of necessity for establishing the road. The instructions authorized the award of compensation and damages if the jury believed that the road was necessary in order to enable the plaintiff to haul coal mined from his land to market and should "say so in their verdict." While the verdict, which has been copied above, does not "say so" expressly, such a conclusion is implicit in the award of compensation and damages, and it cannot be said, therefore, that the instruction was ignored.

Judgment affirmed.