## Noble v. Noble.

June 21, 1946.

Leebern Allen and F. T. Allen for appellant.

I. M. Combs and O. J. Cockrell for appellee.

Opinion of the Court by Judge Thomas—Reversing.

On February 18, 1943, the appellant, Edna Noble, filed in the Wolfe circuit court her equity action against her husband, the appellee, George Noble, by which she sought an absolute divorce from him. Nearly a year thereafter, and on February 7, 1944, the court entered judgment therein sustaining the prayer of plaintiff's petition for a divorce, and allowed her $20 per month for the support of their infant child, Patrick Noble, who was then about seventeen months old; but the judgment granting the divorce made no express order as to the permanent custody of the infant child. The judgment then said: "* * * and this cause is hence stricken from the docket."

It appears that appellant's father is Buddy Brewer who resides in Wolfe County and with whom she made her home following the obtention of her divorce. In taking up her abode with her father she carried with her her infant child. On September 12, 1945, the appellee, husband, filed with the clerk of the Wolfe circuit court this motion: "Comes the defendant, George Noble, and moves the court to redocket the above styled action for the purpose of adjudication to the infant son, Patrick Noble," which was signed by his attorney, I. M. Combs. On October 1, of the same year, appellee filed his affidavit saying:

"The affiant and defendant, George Noble, says that Edna Noble is absent from this State and has been for more than sixty days, that her address is Dayton, Ohio, 627 East Second, Everts Cafe, that there should be a Warning Order Attorney appointed to represent the absent Defendant.

"Wherefore the Defendant prays judgment of the Court appointing a Warning Order Attorney and for all and any relief to which he may be entitled hereto."

The clerk of the court then issued a warning order for the defendant therein, and appellant here, and ap-

pointed an attorney to represent her. At the same time he issued a summons for appellant, but it was returned "not found in Wolfe County." On December 12, 1945, appellee filed another affidavit which was thus phrased:

"The affiant, George Noble, says that his son, Pat Noble, is at the home of Buddy Brewer, who is the Grandfather of Pat Noble, and that he has at different times asked to see his son and at all time has been refused the privilege of seeing his son, he says by orders of this Court he has been paying the sum of $20.00 per month for the support of his son, and he says that he should have the privilege of seeing his son, or that he should be given the care, custody of his son, Pat Noble."

Immediately following it, and on the same day, the court entered this judgment: "At the time the judgment was rendered in this cause no disposition was made as to the custody of the infant child of the plaintiff and defendant, named Pat Noble, and it appearing that since the rendition of the judgment that Buddy Brewer has acquired the custody of said child and now has said infant in his home at Campton, Wolfe County, Kentucky, and it further appearing from the affidavit of the defendant, George Noble, that the said Buddy Brewer has failed and refused to permit the defendant to see said child, and a rule having been issued by the Court on the affidavit filed directing Buddy Brewer to produce said infant in this Court at one o'clock P. M. on December 12, 1945, and having been served on said Buddy Brewer by the sheriff of Wolfe County, Kentucky, and said Buddy Brewer failing to produce said infant as directed, or to make response to the rule, it is now ordered by the Court that the defendant, George Noble, be, and he is hereby awarded the care, custody and control of said infant, Pat Noble, until further orders of this Court, and the orders heretofore entered directing the defendant to pay the sum of $20.00 per month for the support of said infant is now set aside and held for naught, and said Buddy Brewer is now directed to deliver said infant to the defendant, George Noble." To reverse that judgment appellant prosecutes this appeal.

The record is so ragged and the entire proceeding is such a wide departure from the approved rules of practice, that we find no difficulty in holding the judgment appealed from as erroneous and unauthorized. To

begin with there is no order of the court redocketing the case which was stricken from the record by the judgment rendered in the divorce action. But if that omission should be ignored then it appears that the very foundation of the instant proceeding by which appellant was sought to be brought before the court (i. e. the affidavit for the warning order against her) was and is fatally defective. The only ground attempted to be relied on for procuring the warning order is section 57, subsection (4) of our Civil Code of Practice, saying: "If the defendant be * * * (4) Absence from (the) State four months. Have been absent therefrom four ·months." (Our parenthesis.) But the affidavit filed an order to obtain such constructive service stated that defendant was then absent from the state "and has been for more than 60 days", which would have been true if she had been absent only sixty-one days, or for any other number of days thereafter, less than "four months."

We have often said in cases too numerous to require a listing of them, that the statute providing for constructive process should be strictly construed, since a failure to strictly follow the statutory requirements vitiated the process. One of the cases in which we so construed the Code provision—and in which we cited prior cases to the same effect—is Bond v. Wheeler et al., 197 Ky. 437, 247 S. W. 708. Since, therefore, the appellant was not actually served with summons, nor was the constructive service sufficient to bring her before the court and, since she did not enter her personal appearance the judgment appealed from was wholly unauthorized.

But if appellant had appeared and thereby submitted herself to the jurisdiction of the court then the record shows that no evidence was heard on the complaints of the husband, neither as to his suitability to have custody of his infant child, nor the unsuitability of his divorced wife to have such custody. Although there was no express order of the court made in the divorce case for the wife to have custody of the infant child, yet appellee herein acquiesced in his wife's custody of their child, and as he expressly alleged, he continued to pay to her for its support and maintenance $20 per month from and after the granting of the divorce, which facts show that her custody of the child was by appellee's consent. But if not by his express consent, it was by

his acquiescence in such adjustment. Not only so, but this court with unanimity has held that the mother of an extremely infant child has preference as to its custody when the parents are divorced over that of her husband, unless she is in some way shown to be an unsuitable person to have its custody, or that she is wholly unable to support and maintain herself and infant child.

The judgment, or order, appealed from also directs the wife's father, in whose temporary custody she left her child while serving at her job in Dayton, Ohio, to deliver the infant to the court for such orders concerning its custody as the court saw proper to make. The grandfather of the child was never made a party to this proceeding and was not before the court at the time the judgment appealed from was rendered by any sort of process, nor did he enter his appearance thereto. It would therefore be folly to contend that he would be bound by any order that the court might and did make in this proceeding concerning him. Other attacks are made on the judgment by appellant's counsel but which we will neither mention nor discuss, since it already appears that the judgment is legless and cannot stand.

Of course, appellee by pursuing the well established practice for an order pertaining to the custody of his infant child may yet obtain such an order in that respect as the facts produced on such hearing would authorize.

Wherefore, the judgment is reversed with directions to set it aside and to enter one dismissing this proceeding.