Anita Hale, Plaintiff-Appellee, v. Glenn Hale, Defendant. Florence A. Green, Appellant.

**Gen. No. 9,961.**

Third District.
February 18, 1955.
Released for publication March 7, 1955.

Edwin Becker, of Macomb, for appellant.

Ernest G. Utter, of Rushville, for appellee.

MR. JUSTICE HIBBS delivered the opinion of the court.

Plaintiff, Anita Hale, was granted a divorce from defendant, Glenn Hale, by the circuit court of Schuyler county, Illinois on May 5, 1950. In its decree the custody of their minor children including Bonnie Marie Hale was awarded to plaintiff. On October 28, 1953 respondent Florence A. Green was served with notice that on November 2, 1953 plaintiff would file her petition in the circuit court of Schuyler county asking that respondent be cited for contempt. The petition was duly filed and alleged that plaintiff had been awarded custody of Bonnie Marie Hale by the decree of divorce, that respondent was a sister of the defendant in the divorce decree and had the control and custody of Bonnie Marie and that she refused to surrender the child to plaintiff. The petition asked that respondent be required to show cause why she should not be held in contempt of court for failure to give up custody of the child. On November 2, 1953 the court issued a writ of attachment directed against respondent who had not appeared in response to the earlier notice. On November 13, 1953, pursuant to a limited appearance, she filed her motion to quash the writ of attachment and to dismiss plaintiff's petition for citation. The motion challenged the court's jurisdiction of the person of Florence A. Green and of the subject matter of the action. It recited that respondent had not been made a party to the original divorce proceeding and had never voluntarily submitted to the jurisdiction of the court. Respondent's motion was granted on November 23, 1953 and the writ of attachment was quashed. The court however entered an order that same day commanding respondent to deliver custody of the child to

its mother, Anita Hale, within ten days. Respondent has appealed to this court from this latter order.

■■ Plaintiff contends, and we agree, that Bonnie Marie Hale during her minority is a ward of the court. (Szewczyk v. Szewczyk, 320 Ill. App. 562, 51 N.E.2d 801.) We do not agree, however, that respondent should have been punished for contempt because she has obstructed the orderly administration of justice. She was not a party to the original divorce proceeding nor is there proof that she has refused to deliver custody of the child to plaintiff, or for that matter that plaintiff ever demanded it. The circuit court of Schuyler county apparently reached the same conclusion since it quashed the attachment on respondent's motion.

■■ The more important question remains, however, whether the circuit court could, as a part of the original divorce proceedings, order respondent to relinquish custody of the child. It is clear that the circuit court of Schuyler county had jurisdiction of the subject matter of such custody. The petition here was filed as a part of the original divorce action and it has long been held in this state that in such actions, the court retains continuing jurisdiction over the custody of minor children. (People ex rel. Houghland v. Leonard, 415 Ill. 135, 112 N.E.2d 697; Jarrett v. Jarrett, 415 Ill. 126, 112 N.E.2d 694; Nye v. Nye, 411 Ill. 408, 105 N.E.2d 300; Stafford v. Stafford, 299 Ill. 438.) At no time, however, in these proceedings did the court ever acquire jurisdiction of the person of respondent by service of summons nor did she submit voluntarily to its jurisdiction. Her appearance here was specifically limited at the outset and occurred long after the divorce decree was entered. We therefore believe that the provisions of that decree were not binding upon her. Counsel have not cited any Illinois decisions on this precise point and our own investigation fails to disclose any. The case of Stafford v. Stafford, 299 Ill. 438, 132 N. E. 452, cited by plaintiff is not in point.

There the custodian of the child was an active participant in the proceedings and voluntarily submitted to the court's jurisdiction.

Other jurisdictions seem to hold uniformly that custody provisions in a divorce decree are not binding on third persons not parties to the suit. In Henderson v. Kleinman, 231 Ind. 657, 109 N.E.2d 905, the Supreme Court of Indiana reached that result. In re De Saulles, 101 Misc. 447, 167 N. Y. Supp. 445, the New York surrogate court did likewise, stating: "A divorce action is one in rem; it alters a status of two persons for the future, but the only res involved in the action is the status of the spouses. As to this single matter, the decree of divorce would be binding on all the world whether parties or not. As to the custody of the infant, the judgment is in another situation. It is not in rem and is therefore not binding on those not parties to it."

In Grass v. McMullen, 86 W. Va. 216, 103 S. E. 51, the West Virginia court declared: "It is a little difficult to understand upon what theory a decree in a suit between husband and wife, in which is involved their marital rights, including the custody of their children as between them, could be held as res judicata of the rights of a third party in no wise connected with the suit, and which asserted rights accrued long before the alleged divorce suit. The doctrine of res judicata extends no further than to bind the parties and their privies by the judgment or decree of the court in a suit in which it has jurisdiction. Those who are not parties to that suit nor in privity with the parties, who have no right to make defense to it, who cannot appeal from an adverse decree or judgment, are not bound by the judgment or decree entered herein."

In Noble v. Noble, 302 Ky. 679, 195 S.W.2d 319, it is said: "The judgment, or order, appealed from also directs the wife's father, in whose temporary custody she left her child while serving at her job in Dayton, Ohio, to deliver the infant to the court for such orders

concerning his custody as the court saw proper to make. The grandfather of the child was never made a party to this proceeding and was not before the court at the time the judgment appealed from was rendered by any sort of process, nor did he enter his appearance thereto. It would therefore be folly to contend that he would be bound by any order that the court might and did make in this proceeding concerning him."

We therefore hold that the circuit court of Schuyler county did not have jurisdiction in the proceedings now before us, on appeal, to order the transfer of the custody of Bonnie Marie Hale by respondent over whom that court had not acquired jurisdiction. The judgment of the circuit court of Schuyler county is reversed.

Judgment reversed.