Mescal POTTER, James B. Potter, Janice Sims, John Sims, and Roberta Raines, Movants,

v.

BREAKS INTERSTATE PARK COMMISSION and Ben H. Bolen, Chairman, Kline Powers, Rufus McCoy, Ewart Johnson, Francis M. Burke, Members Thereof, Respondents.

Supreme Court of Kentucky.

Oct. 31, 1985.

Rehearing Denied Jan. 16, 1986.

Foster Ockerman, Jr., Martin, Ockerman & Brabant, Lexington, for movants.

Jack T. Page, Pikeville, for respondents.

## OPINION OF THE COURT

The appellants, Mescal Potter, Janice Sims, and Roberta Potter Raines, all residents of the state of Michigan, filed a motion to vacate the judgment and order of the Pike Circuit Court which, in an eminent domain action, awarded Appellants $823.97 apiece as their share in a commissioner's appraisal of $4,785 of 63.85 acres of land in which the appellants each owned an undi-vided one-fifth remainder interest. Co-owners who owned proportionate one-fifth remainder interests in the land were awarded $60,270.46 each as their share in a jury verdict which placed a fair market value on the land at $350,000. The judgment and order of the circuit court precluded the movants from sharing in the higher award since they failed to file a statement of exceptions to the commissioner's award as is required by KRS 416.620(1). The judgment was affirmed by the Court of Appeals and we granted discretionary review. We reverse.

On August 27, 1974, the appellee, Breaks Interstate Park Commission, filed an eminent domain action in the Pike Circuit Court to condemn 63.85 acres of land for use as a public park. The interests in the land were as follows: Laudia Potter owned a life estate and her children, Frank D. Potter, Patricia Ann Potter, Mescal Potter, Janis Sims and Roberta Potter Raines each owned an undivided one-fifth remainder interest.

On September 9, 1974, pursuant to CR 4.07, a warning order attorney was appointed to notify all of the defendant parties of the pending action. On September 11, 1974, the warning order attorney mailed a copy of a letter to each of the parties which read as follows:

September 11, 1974

Laudia Potter

13641 Marvin St.

Taylor, Michigan

Dear Mrs. Potter

I have been appointed Warning Order Attorney to inform you of the nature and pendency of the action contained in the complaint that has been filed against Laudia Potter, et al, by the Breaks Interstate Park Commission concerning the property situated on the South side of Russell Fork of Big Sandy River, near Elkhorn City in Pike County, Kentucky.

You will be considered as being before the Court in 30 days from September 10, 1974. You will then have 20 days in which to file a response.

If you have any further questions concerning this matter please feel free to contact this office.

Sincerely,

Lester P. Starnes

By: S/ H. Randall Starnes

H. Randall Starnes

HRS:

CC: Ward Mobile Home Sales, Inc. Frank D. Potter, Patricia Ann Potter, Roberta Potter Raines, Mescal Potter and James F. Potter, Janis Sims and John Sims.

Apparently, the warning order attorney underlined each individual party's name in the corresponding carbon copy of the letter sent to that party at his or her Michigan residence. Appellants contend that the warning order service fails to comply with CR 4.07(1) which states as follows:

The clerk at the time of making a warning order shall appoint, as attorney for the defendant, a practicing attorney of the court. The court may appoint another attorney as a substitute for the attorney appointed by the clerk. Neither the plaintiff nor his attorney shall be appointed, or be permitted to suggest the name of defendants attorney. *Such attorney must make diligent efforts to inform the defendant, by mail, concerning the pendency and nature of the action against him,* and must report the result of his efforts to the court within 50 days after his appointment. (emphasis added).

■ We agree. In the Court of Appeals case of *Clark v. Raison,* 126 Ky. 486, 104 S.W.342 (1907) the court, in an attachment proceeding, found invalid the warning order service on a nonresident defendant whose name did not appear in the warning order but who was purportedly included under the abbreviation "etc." In this case, the warning order purportedly included Appellants under the abbreviation "et al." While Appellants' names appear in the carbon copy caption of the form letter sent by the warning order attorney, the letter does not comply with CR 4.07, which requires that the warning order must "inform the

defendant, by mail, concerning the pendency and nature of the action *against him*" (emphasis added). The form letter sent to each appellant was that of one sent to Laudia Potter, notifying her of an action filed against "Laudia Potter, et al." As stated in *Clark,* "In all proceedings upon constructive service, the provisions of the code regulating the same must be literally followed. Nothing short of substantial compliance with every prerequisite will give the court jurisdiction of the property sought to be subjected to the payment of the plaintiff's claim." *Clark* at 343, citing *Brownfield v. Dyer,* 7 Bush. 505 (1870). The form letter to Laudia Potter informing her of the action filed against "Laudia Potter, et al" does not, in our opinion, comply with CR 4.07 as it did not notify each appellant individually that he or she was a co-defendant in the "action" which had been filed by the appellees.

■ Additionally, the letter does not give notice of the "nature" of the pending action as is required by CR 4.07. The letter merely indicates that an "action" had been filed concerning the property situated on the South side of Russell Fork of Big Sandy River, near Elkhorn City in Pike County, Kentucky." We find that this language gives no indication as to the nature of the pending condemnation action and furthermore, that the absence of a particular legal description of the subject real property in the letter did not adequately inform Appellants as to the nature of the action filed against them concerning their interests in the parcel of land sought to be condemned by the appellees. We agree with Appellants that it is not unusual for an individual to own more than one piece of property in a given county, and even a relative of Laudia Potter's who learns that some of *her* property is at risk would not necessarily know that *his* property might be threatened by an eminent domain action. For the reasons stated, this court is of the opinion that the warning order letter did not comply with CR 4.07 and jurisdiction over Appellants was never obtained. See *Clark v. Raison,* 126 Ky. 486, 104 S.W. 342

(1907). See also *Noble v. Noble*, 302 Ky. 679, 195 S.W.2d 319 (1946); accord *Fugate v. Fugate*, 259 Ky. 18, 81 S.W.2d 889 (1935) (insufficient warning order service under Civ. Code Prac. § 59).

■ Appellees argue that it is apparent that Appellants received notice of the pending action since they consulted with an attorney to discuss his representation in the case. The fact that Appellants met with an attorney is of no consequence. "Mere knowledge of the pendency of an action is not sufficient to give the court jurisdiction, and, in the absence of an appearance, there must be service of process." *Rosenberg v. Bricken*, 302 Ky. 124, 194 S.W.2d 60, 62 (1946); accord *Burton v. Dowell Division of Dow Chemical Co.*, Ky., 471 S.W.2d 708 (1971).

The order of the circuit court, which awarded Appellants $823.97 and awarded co-owners who held proportionate interests $60,270.46 apiece was based on the court's determination that Appellants received notice of the action but failed to follow statutory procedure under KRS 416.620 for contesting the original valuation of the property set forth in the commissioner's award. The Court of Appeals rejected Appellants' contention that *Skidmore v. Mitchell*, 300 Ky. 255, 188 S.W.2d 434 (1945), stands for the proposition that when any party files exceptions, the commissioner's report and appraisal is automatically vacated, and a trial is held de novo. The appellants argue that they were referring to the statement of exceptions filed by the appellee, Breaks Commission, which contested the commissioner's award generally as being too high. The Court of Appeals however, seemed to have affirmed the circuit court's conclusion that it was the failure of the appellants to file a statement of exceptions which prevented them from participating in the jury's determination of just compensation. We understand Appellants' argument to mean that since the Breaks Commission filed a general statement of exceptions to the commissioner's award, *Skidmore* would allow them to share in the jury's valuation in the trial to resolve the Breaks

Commission's contention that the commissioner's valuation was too high, rather than being precluded by their failure to contest the commissioner's award as being too low. KRS 416.620. While we find the issue intriguing, it is unnecessary for us to decide it because we have already determined that Appellants were never properly before the court and therefore there was never jurisdiction to proceed against them in their absence. It is likewise unnecessary for us to resolve the other issues in this case since they all stem from the circuit court and Court of Appeals' erroneous determinations that Appellants were subject to the circuit court's jurisdiction.

■ In conclusion, we think it essential that where private property is sought to be taken for public use, the owner or owners of the property be given sufficient legal notice of the nature of the action so that they will be able to appear and protect their interests. The rule holds especially true when real property in this state, owned by residents of other states, is sought to be condemned. The warning order notice in this case falls far short of minimum constitutional standards on notice. See *Walker v. Hutchinson*, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178, and those required by CR 4.07. *Clark v. Raison*, 126 Ky. 486, 104 S.W. 342 (1907); *Noble v. Noble*, 302 Ky. 679, 195 S.W.2d 319 (1946).

The decision of the Court of Appeals is reversed and that part of the judgment of the Pike Circuit Court is reversed insofar as it affects the appellant herein. This case is remanded to the Pike Circuit Court for proceedings consistent with this opinion.

All concur.

LEIBSON, J., files a concurring opinion.

LEIBSON, Justice, concurring.

I concur in the opinion. However, I would not rest the decision solely on the technicality that there was no appropriate warning order service. I believe that the deficiency in notice in the warning order attorney's letter was part of the larger

picture that all added up to the fact that the appellants were reasonably misled to believe their interests were being protected, when they were not. Under all the circumstances the default should be set aside under CR 60.02. *Strother v. Day,* Ky., 248 S.W.2d 347 (1952).